**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| OLGA M. ARBELO, individually and on behalf of all others similarly situated, | ) | FILED<br>MARCH 13, 2008 TC<br>JUDGE LEFKOW<br>MAGISTRATE JUDGE COX |
| Plaintiff, | ) | Case No. 08CV1516 |
| v. | ) | |
| CHARTER ONE BANK, | ) | CLASS ACTION<br>JURY DEMANDED |
| Defendant. | ) | |

**CLASS ACTION COMPLAINT**

Olga M. Arbelo ("Arbelo") ("Plaintiff"), by her attorneys, The Consumer Advocacy Center, P.C., state as follows for their Class Action Complaint against Charter One Bank ("Defendant").

**The Parties**

1. Arbelo is an Illinois citizen and resides in this district.

2. Defendant is a federal savings bank with its principal place of business in in Cleveland, Ohio, but has a considerable amount of business venues in this District.

**Jurisdiction and Venue**

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, because this action is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq*. and Regulation E, 12 C.F.R. § 205.1 *et seq*.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because the transactions at issue occurred in this district, Plaintiff reside in this district and Defendant conducts substantial business in this district.

**Statutory/Regulatory Authority**

**EFTA**

5. The Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"), and its implementing Regulation E, 12 C.F.R. § 205.1 *et seq.*, require an automated teller machine ("ATM") operator to provide notice to consumers that the operator will impose a fee on consumers for conducting a transaction at an ATM and the amount of such a fee.

6. Specifically, 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) require that an ATM operator disclose (a) on the ATM, that a fee will be imposed ("Posted Fee Notice") and (b) on the ATM screen, that a fee will be imposed and the amount of such a fee.

7. The EFTA, 15 U.S.C. § 1693b(d)(3)(C), and Regulation E, 12 C.F.R. § 205.16(e), prohibit the imposition of a fee for using an ATM if the foregoing notice requirements are not met.

**Facts**

8. On July 3, 2007, Arbelo used automated teller machine ("ATM") number ZA8711 ("ZA8711"), located at 2811 North Narragansett, Chicago, IL 60612.

9. On July 3, 2007, Arbelo was charged $2.50 to withdraw money from ZA8711.

10. On July 3, 2007, at the time Arbelo used ZA8711, there was no Posted Fee Notice posted on or near ZA8711 that disclosed that users would be charged any fee for using ZA8711.

11. Charter One Bank has a wide network of ATMs, a significant number of which did not have Posted Fee Notices.

12. On information and belief, Charter One Bank's ATMs that previously did not have Posted Fee Notices now have Posted Fee Notices only because Charter One Bank increased

the fee it charges for use of its ATMs, which prompted Charter One Bank to place new fee notices on all of its machines in the Chicago area.

**COUNT I**
**VIOLATION OF EFTA AND REGULATION E**

13. Plaintiff incorporate herein by reference paragraphs 1-12.

14. Plaintiff brings this Count on behalf of herself and the Class. The Class consists of all persons who during the year prior to the filing of this action (a) were charged a transaction fee for the use of any Charter One Bank automated teller machine (b) when Charter One Bank did not post a notice on the automated teller machine that it would impose a transaction fee on users of that machine.

15. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because, on information and belief, the putative class consists of hundreds of persons and is so numerous that joinder of all putative class members, whether otherwise required or permitted, is impracticable. The actual number of putative class members is in the exclusive control of Defendant.

16. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because questions of law and fact common to Class A predominate over any questions affecting only individual putative class members, including:

(a) Whether, pursuant to 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. § 205.16, Defendant was an ATM operator at all relevant times during that class period that imposed a fee on consumers for providing host transfer services to those consumers; and

(b) Whether, at all relevant times during the class period, Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c).

17. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because Plaintiff's claims are typical of the claims of the putative class members, including:

   (a) Plaintiff and all putative class members used an ATM operated by Defendant;

   (b) Defendant failed to provide notices compliant with 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) to Plaintiff and all putative class members; and

   (c) Defendant illegally imposed a fee on Plaintiff and all putative class members for their respective use of Charter One Bank ATMs which did not have fee notices in compliance with the EFTA.

18. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable, because Plaintiff will fairly and adequately protect the interests of the Class and Plaintiff have hired counsel able and experienced in class action litigation.

19. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because questions of law or fact common to the putative class predominate over any questions affecting only individual putative class members, and a class action is superior to other available methods for the full and efficient adjudication of the controversy.

20. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because this Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive individual basis.

21. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because the size of each putative class member's actual damages is too small to make individual litigation an economically viable option.

22. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because no unusual difficulties will likely occur in the management of the Class as all questions of law or fact to be litigated at the liability stage are common to the putative class and all compensatory

relief is concomitant with a liability finding and can be calculated by automated and objective means.

23. Pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), Defendant was an ATM operator at all times relevant to this action.

24. Defendant was the ATM operator of the ATM used by the Plaintiff and members of the Class at all times relevant to this action.

25. Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) when providing ATM services to Plaintiff and all putative class members.

26. Pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e), Defendant therefore illegally imposed a fee on Plaintiff and all putative class members for their respective use of Charter One Bank's ATMs.

WHEREFORE, Plaintiff and the putative class members request that this Court enter judgment in their favor and against Charter One Bank as follows:

A. Awarding Plaintiff and the putative class members actual and statutory damages as set forth in the EFTA and Regulation E;

B. Awarding Plaintiff and the putative class members attorneys' fees and costs of suit; and

C. Awarding Plaintiff and the putative class members such other relief as this Court deems proper.

OLGA M. ARBELO
Plaintiff,

By: ______________________________
Lance A. Raphael, One Of Her Attorneys

Dated: March 13, 2008

Lance A. Raphael
Stacy M. Bardo
Allison Krumhorn
The Consumer Advocacy Center, P.C.
180 W. Washington St., Ste. 700
Chicago, IL 60602
312.782.5808