IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OLGA M. ARBELO, individually and on behalf of all others similarly situated, ) ) ) | Case No. 08CV1516 |
| ) | Judge Lefkow |
| Plaintiff, ) ) | Magistrate Judge Cox |
| v. ) ) | |
| CHARTER ONE BANK, ) ) | |
| Defendant. ) ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant, CHARTER ONE BANK, by and through its attorneys, Seyfarth Shaw, hereby makes answer to Plaintiff's Class Action Complaint as follows:

**The Parties**

**COMPLAINT ¶1:**

Arbelo is an Illinois citizen and resides in this district.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

**COMPLAINT ¶2:**

Defendant is a federal savings bank with its principal place of business in Cleveland, Ohio, but has a considerable amount of business venues in this District.

**ANSWER:**

Defendant denies the allegations of Paragraph 2, but states affirmatively that Charter One Bank, F.S.B. no longer conducts business as a federal savings bank, having been succeeded by

RBS Citizens, N.A., which is a federal savings bank with its principal place of business in Rhode Island, and, under the brand Charter One, conducts business in this District.

## Jurisdiction and Venue

**COMPLAINT ¶3:**

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, because this action is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* and Regulation E, 12 C.F.R. § 205.1 *et seq.*

**ANSWER:**

Admitted.

**COMPLAINT ¶4:**

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because the transactions at issue occurred in this district, Plaintiff reside in this district and Defendant conducts substantial business in this district.

**ANSWER:**

Defendant admits that venue is proper in this district and that it conducts business in this business, but is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph

## Statutory/Regulatory Authority

### EFTA

**COMPLAINT ¶5:**

The Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"), and its implementing Regulation E, 12 C.F.R. § 205.1 *et seq.*, require an automated teller machine ("ATM") operator to provide notice to consumers that the operator will impose a fee on consumers for conducting a transaction at an ATM and the amount of such a fee.

**ANSWER:**

Defendant defers to the language of the statute and regulation referenced in the above paragraph, and, to the extent that the above characterization differs from the EFTA or Regulation E, the allegations are denied.

**COMPLAINT ¶6:**

Specifically, 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) require that an ATM operator disclose (a) on the ATM, that a fee will be imposed ("Posted Fee Notice") and (b) on the ATM screen, that a fee will be imposed and the amount of such a fee.

**ANSWER:**

Defendant defers to the language of the statute and regulation referenced in the above paragraph, and, to the extent that the above characterization differs from the EFTA or Regulation E, the allegations are denied.

**COMPLAINT ¶7:**

The EFTA, 15 U.S.C. § 1693b(d)(3)(C), and Regulation E, 12 C.F.R. § 205.16(e), prohibit the imposition of a fee for using an ATM if the foregoing notice requirements are not met.

**ANSWER:**

Defendant defers to the language of the statute and regulation referenced in the above paragraph, and, to the extent that the above characterization differs from the EFTA or Regulation E, the allegations are denied.

**Facts**

**COMPLAINT ¶8:**

On July 3, 2007, Arbelo used automated teller machine ("ATM") number ZA8711 ("ZA8711"), located at 2811 North Narragansett, Chicago, IL 60612.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

**COMPLAINT ¶9:**

On July 3, 2007, Arbelo was charged $2.50 to withdraw money from ZA8711.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

**COMPLAINT ¶10:**

On July 3, 2007, at the time Arbelo used ZA8711, there was no Posted Fee Notice posted on or near ZA8711 that disclosed that users would be charged any fee for using ZA8711.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph as they pertain specifically to Arbelo, but denies that ATM ZA8711 was without a Posted Fee Notice that disclosed that users would be charged a fee for using the ATM machine.

**COMPLAINT ¶11:**

Charter One Bank has a wide network of ATMs, a significant number of which did not have Posted Fee Notices.

**ANSWER:**

Defendant admits that RBS Citizens, N.A., under the brand Charter One, operates a large number of ATM's. The remaining allegations of this paragraph are denied.

**COMPLAINT ¶12:**

On information and belief, Charter One Bank's ATMs that previously did not have Posted Fee Notices now have Posted Fee Notices only because Charter One Bank increased the fee it charges for use of its ATMs, which prompted Charter One Bank to place new fee notices on all of its machines in the Chicago area.

**ANSWER:**

Denied.

## COUNT I
## VIOLATION OF EFTA AND REGULATION E

**COMPLAINT ¶13:**

Plaintiff incorporate (*sic*) herein by reference paragraphs 1-12.

**ANSWER:**

Defendant incorporates by reference its answers to Paragraph 1 through 12.

**COMPLAINT ¶14:**

Plaintiff brings this Count on behalf of herself and the Class. The Class consists of all persons who during the year prior to the filing of this action (a) were charged a transaction fee for the use of any Charter One Bank automated teller machine (b) when Charter One Bank did not post a notice on the automated teller machine that it would impose a transaction fee on users of that machine.

**ANSWER:**

Defendant admits that Plaintiff purports to bring this action on behalf of herself and a class of individuals, but denies that either an individual or class action is appropriate. Defendant denies all remaining allegations of this paragraph.

**COMPLAINT ¶15:**

Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because, on information and belief, the putative class consists of hundreds of persons and is so numerous that joinder of all putative class members, whether otherwise required or permitted, is impracticable. The actual number of putative class members is in the exclusive control of Defendant.

**ANSWER:**

Defendant admits that it would have certain information regarding the number of users of the specific ATM machine identified in this complaint during the relevant time period. The remaining allegations of this paragraph are denied.

**COMPLAINT ¶16:**

Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because questions of law and fact common to Class A predominate over any questions affecting only individual putative class members, including:

5

(a) Whether, pursuant to 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. § 205.16, Defendant was an ATM operator at all relevant times during that class period that imposed a fee on consumers for providing host transfer services to those consumers; and

(b) Whether, at all relevant times during the class period, Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 295,16(c).

**ANSWER:**

Denied.

**COMPLAINT ¶17:**

Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because Plaintiff's claims are typical of the claims of the putative class members, including:

(a) Plaintiff and all putative class members used an ATM operated by Defendant;

(b) Defendant failed to provide notices compliant with 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) to Plaintiff and all putative class members; and

(c) Defendant illegally imposed a fee on Plaintiff and all putative class members for their respective use of Charter One Bank ATMs which did not have fee notices in compliance with the EFTA.

**ANSWER:**

Denied.

**COMPLAINT ¶18:**

Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable, because Plaintiff will fairly and adequately protect the interests of the Class and Plaintiff have hired counsel able and experienced in class action litigation.

**ANSWER:**

Denied.

**COMPLAINT ¶19:**

Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because questions of law or fact common to the putative class predominate over any questions affecting only individual putative class members, and a class action is superior to other available methods for the full and efficient adjudication of the controversy.

**ANSWER:**

Denied

**COMPLAINT ¶20:**

Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because this Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive individual basis.

**ANSWER:**

Denied.

**COMPLAINT ¶21:**

Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because the size of each putative class member's actual damages is too small to make individual litigation an economically viable option.

**ANSWER:**

Denied.

**COMPLAINT ¶22:**

Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because no unusual difficulties will likely occur in the management of the Class as all questions of law or fact to be litigated at the liability stage are common to the putative class and all compensatory relief is concomitant with a liability finding and can be calculated by automated and objective means.

**ANSWER:**

Denied.

**COMPLAINT ¶23:**

Pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), Defendant was an ATM operator at all times relevant to this action.

**ANSWER:**

Defendant denies the allegations of this paragraph, but states affirmatively that RBS Citizens, N.A., under the brand Charter One, was an ATM operator on July 3, 2007.

7

**COMPLAINT ¶24:**

Defendant was the ATM operator of the ATM used by the Plaintiff and members of the Class at all times relevant to this action.

**ANSWER:**

Defendant denies the allegations of this paragraph, but states affirmatively that RBS Citizens, N.A., under the brand Charter One, operated ATM ZA8711 on July 3, 2007.

**COMPLAINT ¶25:**

Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) when providing ATM services to Plaintiff and all putative class members.

**ANSWER:**

Denied.

**COMPLAINT ¶26:**

Pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e), Defendant therefore illegally imposed a fee on Plaintiff and all putative class members for their respective use of Charter One Banks ATMs.

**ANSWER:**

Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense—Statutory

Pursuant to 28 U.S.C. § 1391 (m), a good faith defense exists in that a party may not be liable under the EFTA when, if a notice was not present, the absence was not intentional on the part of the Defendant and resulted from a bona-fide error notwithstanding the maintenance of procedures reasonably adopted by Defendant to avoid such error.

### Second Affirmative Defense – Unclean Hands

Defendants are informed and believe, and on the basis of that information and belief allege, that Plaintiff is not entitled to relief because Plaintiff acted and reacted to the matters alleged in the Complaint with unclean hands.

### Third Affirmative Defense—Assumption of Risk

To the extent that no notice was physically affixed to the ATM machine identified in the Complaint, the defense of assumption of risk applies because Plaintiff was aware from the notice provided on the ATM screen that a fee would be charged if she continued with the transaction.

### Fourth Affirmative Defense-- Estoppel

To the extent that no notice was physically affixed to the ATM machine identified in the Complaint, the defense of estoppel applies because Plaintiff, through her conduct and actions, did not object to the imposition of a fee, intended that Defendant rely on her actions and Defendant had no means to ascertain that Plaintiff objected to the fee.

### Fifth Affirmative Defense—Waiver

To the extent that no notice was physically affixed to the ATM machine identified in the Complaint, the defense of waiver applies because Plaintiff knew that a fee would be imposed based upon the notice presented on the ATM screen, but continued with the transaction demonstrating a clear and distinct manifestation to waive her right to any remedy or right under law.

CH1 11480174.1

**DATED: May 19, 2008**     Respectfully submitted,

          CHARTER ONE BANK

          By    /s/ Jason P. Stiehl
                    One of Its Attorneys

Daniel M. Blouin
Jason P. Stiehl
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

10

## CERTIFICATE OF SERVICE

I, Jason P. Stiehl, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing ANSWER TO CLASS ACTION COMPLAINT to be filed electronically. Notice of these filings will be sent to the following attorneys by operation of the Court's MCM/ECF electronic filing system.

>Lance A. Raphael
>Stacy M. Bardo
>Allison Krumhorn
>The Consumer Advocacy Center, P.C.
>180 W. Washington St., Ste. 700
>Chicago, IL 60602

By: /s/ Jason P. Stiehl