IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| OLGA M. ARBELO, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) No. 08 CV 1516 ) |
| v. | ) Judge Lefkow ) Magistrate Judge Cox |
| CHARTER ONE BANK, | ) ) CLASS ACTION |
| Defendant. | ) |

**JOINT MOTION FOR ENTRY OF A PROPOSED AGREED PROTECTIVE ORDER**

The parties to this action hereby jointly move this Court for entry of their proposed confidentiality stipulation, stating as follows:

1. Plaintiff's class action complaint alleges that Defendant failed to comply with the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*, which set forth specific notice requirements for automated teller machines ("ATMs").

2. In the discovery that has been issued and that is anticipated to be issued and exchanged between the parties, certain sensitive personal financial banking information is being requested. This personal financial banking information includes ATM transaction logs which list consumer debit or credit card numbers (referred to as a "personal account number" or "PAN").

3. Additionally, Defendant is being asked to disclose items which can be classified as proprietary bank information, including but not limited to internal audit procedures.

4. The parties believe that the financial information of consumers who have used Defendant's ATM at issue in this lawsuit should be protected from general disclosure. The ability of the public to gain access to debit card and credit card numbers, as well as potential bank account numbers, is a recognized problem given the rise in identity theft. For example, in

2003, the Fair and Accurate Credit Transactions Act ("FACTA") was enacted. One of FACTA's primary purposes was to amend the Fair Credit Reporting Act by adding identity theft protections for consumers. One FACTA provision in particular was specifically designed to thwart identity thieves' ability to gain sensitive information regarding a consumer's credit or debit account. Codified at 15 U.S.C. §1681c(g), this provision provides as follows:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

The same philosophy behind keeping account numbers confidential should be applied here.

     5.    For these reasons, the parties have agreed upon the terms of a proposed agreed protective order, which is attached hereto as Exhibit A.

WHEREFORE, for the foregoing reasons, the parties respectfully request that this Court enter the proposed Agreed Protective Order.

Respectfully submitted,

By: /s/ Lance A. Raphael
One of Plaintiff's Attorneys
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700
Chicago, IL 60602

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS,
# EASTERN DIVISION

| | |
|---|---|
| OLGA M. ARBELO, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) | No. 08 CV 1516 |
| ) | |
| v. ) ) | Judge Lefkow<br>Magistrate Judge Cox |
| CHARTER ONE BANK, ) ) | CLASS ACTION |
| Defendant. ) | |

## [PROPOSED] AGREED PROTECTIVE ORDER

This matter, having come before the Court on the Parties' Joint Motion for an Agreed Protective Order and the Court being fully advised in the premises, IT IS HEREBY ORDERED AS FOLLOWS:

1. This Protective Order ("Order") shall govern the designation and handling of all confidential documents and information produced in this action by an party, non-party person, or entity.

2. "Person" means any natural person, and any legal or business entity;

3. "Document" shall refer to the original or copies of any written, printed, typed, recorded or graphic matter whatsoever, however produced or reproduced;

4. "Party" or "Parties" shall mean and refer to any Party, Plaintiff and/or Defendant, in the above-entitled action;

5. "Attorneys for the Parties" shall mean any member or associate of a law firm or in-house counsel representing any Party in the above-entitled action and all paralegal and legal assistants working with such persons.

1

1.   CH1 11506309.1

6.  "Designating Party" shall mean the Party disclosing, furnishing or producing, whether directly or indirectly, "Confidential Information," and which has identified or seeks to identify such information as within the protective provisions of this Stipulation; and

7.  "Confidential Information" shall mean or refer to any document, request for production response, interrogatory answer, or deposition testimony or exhibits, or any portion thereof designated as confidential by a Party, in good faith, and which contains: (i) personal financial information (including bank account statements, credit reports, and credit applications), subject to privacy law protection, concerning Plaintiff or any putative class member, or (ii) proprietary information (such as financial information, internal reports and analyses, information related to a trade secret or customer lists) concerning Defendant's business operations which are maintained as confidential and not available to the public or Defendant's competitors. This provision shall specifically exclude entire pleadings and briefs, as discussed in paragraph 9 below.

8.  A Party may designate any document, interrogatory answer, request for production response, or response to request for admission, produced pursuant to or in connection with discovery in this matter, or any portion thereof, which contains exclusively Confidential Information (as that term is defined above) by typing, stamping or affixing on its face (in such manner as will not interfere with the legibility thereof) the word "CONFIDENTIAL" either prior to, contemporaneous with, or within 20 days after production. Until 20 days after production, such documents shall be treated as confidential. A designation of Confidential Information reflects a good faith determination by counsel of record for the designating party that the material falls within the definition of Confidential Information under the Protective Order.

2

1.    CH1 11506309.1

9. Any information that has not been reduced to documentary form may be designated as "confidential" by informing counsel for the parties in writing that it is Confidential Information.

10. Any document, interrogatory answer, request for production response, deposition transcript, or response to request for admission which contains some Confidential Information, may have protectable portions of the documents redacted but the entire document may not be deemed Confidential Information. Any redactions shall be conspicuously made and identified by the Designating Party.

11. All information designated as "Confidential" and any transcript, chart, brief, affidavit, exhibit, motion, or other document containing any such Protected Information which a party hereto wishes or is required to file in connection with this Action, shall be submitted by a party to chambers in a sealed envelope or other sealed container with a cover sheet disclosing the following:

    a. The caption of the case, including the case number;

    b. The title of the motion or response to which the submitted Confidential Information pertains;

    c. The title "Restricted Document";

    d. A statement indicating that the document is filed as restricted in accordance with an order of court and the date of that order; and

    e. The name, address, telephone number, and signature of the attorney of record or unrepresented party filing the document.

    f. A redacted copy of the paper that contains Protected Information may be filed for the public record.

12. To the extent a Party wishes to include Confidential Information as a part of a pleading, motion or brief, the Party must comply with the procedures set forth in the Court's

3

Standing Order as follows: No document treated as confidential under this protective order may be filed under seal with the court in reference to a dispositive motion or submitted as evidence at trial under seal, unless the court, on separate motion for good cause shown, grants leave to file or submit into evidence such documents under seal. A party who is granted leave to file a document under seal must file a redacted copy of the document for the public file. A copy of the redacted version must be submitted along with the motion for leave to file.

13. Confidential Information and any copies thereof shall be disclosed only to qualified persons ("Qualified Persons") except with: (i) prior written consent of the Designating Party, or (ii) Order of Court. Qualified Persons are limited to:

    a. Parties and Attorneys for the Parties;

    b. Any Deponent and, as to Non-Party Deponents, the attorney for said Deponent;

    c. Non-technical and clerical staff employed by Attorneys for the Parties in connection with the preparation for and trial of this action;

    d. Independent personnel retained or consulted by counsel to furnish technical, investigative or other expert services or advice or to give expert testimony;

    e. Court reporters;

    f. Officers of and personnel employed by a Party, where needed for the preparation for and trial of this action;

    g. The Court, and

    h. Persons seeking Confidential Information pursuant to court process and/or subpoena.

However, any Qualified Persons under subsection (b), (d) or (h) must first agree to be bound by the terms of this Confidentiality Stipulation by executing the form of agreement attached hereto as "Exhibit A."

1.     CHI 11506309.1

14. Counsel for the Designating Party may designate parts of a deposition transcript as confidential at the time of the deposition by making a statement for inclusion in the deposition transcript; provided, however, that the designation of deposition testimony is limited to the discussion of Confidential Information.

15. Confidential Information, or data and information obtained, derived, or generated from Confidential Information, shall not be used for any purpose other than pretrial proceedings, discovery, preparation for trial, at trial, and post-trial litigation in this action.

16. If any confidential material, or data and information obtained, derived, or generated therefrom, is sought through discovery from any third-party, each party agrees that they will immediately notify the other so as to permit that party to seek a protective order from the appropriate court.

17. Nothing in this Stipulation shall be construed to affect the admissibility of any document, material or information at any trial or hearing.

18. Within thirty (30) days after the final disposition of all claims and defenses asserted in this matter, by settlement or expiration of time to appeal, all Confidential Information will be sent to Iron Mountain or such other reputable third party storage facility that the parties agree to, and may only be accessed by requesting prior approval from the producing party. The Confidential Information shall be destroyed within 7 years of the disposition of all claims and defenses asserted in this matter, by settlement or expiration of time to appeal. The provisions of this Order shall continue to be binding after the conclusion of this lawsuit.

19. Any Party or any interested member of the public may request a change in the designation of any Confidential Information. Such request shall be in writing, specifying the

5

materials that are subject to the objection and stating the grounds therefore, and served by facsimile or mail on counsel for the designating Party. Within fourteen (14) days after such objection, the parties and any other objecting person(s) shall confer in good faith in an effort to resolve the objections. If such conference does not resolve the objection, the person seeking the designation must apply to the Court within thirty (30) days, by motion, for a ruling that material should maintain the status of Confidential or any such confidential designation shall be deemed waived. The proper designation of the challenged Confidential Information shall be determined by reference to the same standard and burden as would have applied had the Party producing the document moved for a Protective Order pursuant to F.R.C.P. 26(c). A failure to challenge the propriety of a designation of confidentiality at the time the designation is made shall not preclude or detract from a subsequent challenge thereto. Pending determination by the Court, material designated by a party as confidential shall be treated as provided in this Order.

20.    In the event of a disclosure of Confidential Information to a person not authorized to have had such disclosure made to him or her under the provisions of this Order, the party responsible for having made such disclosure shall immediately procure the return of the material, and inform counsel for the designating party whose Confidential Information has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure. The responsible party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the Confidential Information occurs.

21.    The inadvertent production of any confidential, privileged or attorney work product documents shall be without prejudice to any claims that the document is confidential or privileged, and shall constitute neither a waiver of any claim or privilege that may otherwise

6

attach thereto nor a general waiver of such claim or privilege. Upon demand of the producing party, all copies of any inadvertently produced document shall be returned forthwith, and such documents shall not be introduced into evidence, or subject to production, in this or any other proceeding without the consent of the producing party.

22. This Order shall be without prejudice to the right of the parties or other persons to: (i) bring before the Court at any time the question of whether any particular document or information is confidential, or whether its use should be confidential, or (ii) present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

23. To the extent that any terms agreed to between the Parties in this Stipulation are different from the Court's Standing Order, the terms of the Court's Standing Order shall control.

Dated:                                             Dated: 07/18/08


By: ___/s/ Lance Raphael_____       By: ___/s/ Jason P. Stiehl_____
    One of Plaintiff's Attorneys                    One of Defendant's Attorneys



                                                  Enter:_____
                                                       Judge Joan Humphrey Lefkow

## "EXHIBIT A"

## AGREEMENT OF _____

    1.    I have read and understand the provisions of the Protective Order in the case styled <u>Arbelo v. Charter One Bank</u>, Case No. 08 C 1516, pending in the United States District Court for the Northern District of Illinois, Eastern Division (the "Order").

    2.    I will comply with all of the provisions of the Order.

    3.    I will hold in confidence, will not disclose to anyone not qualified under the Order and will use only for purposes of this action any Confidential Information, as defined therein.

    4.    Upon request, I will return all materials designated as Confidential Information, and copies, document or things which I have prepared relating thereto, to counsel of record for the party who has provided me with the materials designated as Confidential Information.

    5.    I hereby agree that my obligations under the Order may be enforced by the United States District Court for the Northern District of Illinois, Eastern Division.

    Printed Name:_____

    Address:_____

    _____

    Signature:_____

        Dated:_____, 200___.

3.    CH1 11506309.1